**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.09-60294-CIV-Huck/O'Sullivan

---

U.S. COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

ZURICH FUTURES & OPTIONS, INC. and
MICHELE LABRUCE

Defendants.

**CLOSED
CIVIL
CASE**

---

**ORDER OF JUDGMENT BY DEFAULT, PERMANENT INJUNCTION,
CIVIL MONETARY PENALTY, AND ANCILLARY EQUITABLE RELIEF
AGAINST DEFENDANTS ZURICH FUTURES & OPTIONS, INC.
AND MICHELE LABRUCE**

On February 23, 2009, the U.S. Commodity Futures Trading Commission ("Plaintiff" or "Commission") filed a Complaint charging defendants Zurich Futures & Options, Inc. ("Zurich") and Michele LaBruce ("LaBruce") (collectively, "Defendants") with cheating, defrauding, and deceiving investors, falsely representing Zurich to be a registered entity, and failure to register in violation of Sections 4c(b), 4d(a), 4h, and 4k(1) of the Commodity Exchange Act ("Act"), as amended, and Commission Regulations 33.3(b)(ii) and (iii) and 33.10(a) and (c).

On April 15, 2009, Zurich was properly served with the summons and complaint pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f)(2). On June 12, 2009, LaBruce was properly served with the summons and complaint pursuant to Fed. R. Civ. P. 4(e)(1). Defendants failed to answer the Complaint within the time permitted by Fed. R. Civ. P. Rule 12(a)(1). Accordingly, on October 8, 2009, the Clerk of this Court entered a default against Zurich and LaBruce.

The Commission has now submitted its Motion for Entry of Default Judgment Order With Injunctive Relief, Civil Monetary Penalties, and Other Ancillary Equitable Relief Against Defendants Zurich Futures & Options and Michele LaBruce ("Motion") pursuant to Fed. R. Civ. P. 55(b)(2).  The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Motion, and other written submissions of the Commission filed with the Court, and being fully advised, hereby:

**GRANTS** the Commission's Motion against Zurich and LaBruce and enters findings of fact and conclusions of law relevant to the allegations in the Complaint.  The Court further grants the Commission's request for injunctive relief, restitution, and a civil monetary penalty. Accordingly, the Court now issues the following Order Of Judgment By Default, Permanent Injunction, Civil Monetary Penalty, And Ancillary Equitable Relief Against Defendant Zurich Futures & Options, Inc. and Michele LaBruce ("Order").

## I.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   Findings of Fact**

**The Fraudulent Activities of Zurich and LaBruce**

1.      From approximately April 2006 through approximately March 2007, Zurich, through an Internet website, solicitation materials, and the actions of its officers, employees, and agents, including LaBruce, was in the business of soliciting customers to open commodity trading accounts and trade on-exchange commodity options through a registered Futures Commission Merchant ("FCM") that carried and maintained the individual customers' accounts.

2.      Zurich, through the actions of its officers, employees, and agents, including LaBruce, prepared and sent all customers a packet of account opening documents that they were required to sign and return to Zurich upon opening an account.  In that packet, Zurich included a

document that represented in bold letters that Zurich was a "National Futures Association Member, Registered with Commodity Futures Trading Commission."

3.      Although required to be registered to solicit persons to trade commodity options, Zurich, in fact, has never been registered with the Commission in any capacity or a member of the National Futures Association ("NFA"). Similarly, neither LaBruce, nor any of the brokers who solicited customers on behalf of Zurich, was registered with the Commission as an Associated Person ("AP") of Zurich during the time that Zurich was soliciting customers.

4.      Zurich's brokers also misrepresented Zurich's registration status when soliciting customers. For example, one broker told a customer that Zurich "was a licensed company and a very credible company." The broker further stated that "everyone had their licenses."

5.      To further create a sense of security and legitimacy and lull prospective customers into trading through Zurich, Defendants created the false impression that Zurich was an international company and a successful and well-established Introducing Broker ("IB") with an experienced investment team. On its website, brokers' business cards, and other company documents, Defendants falsely claimed that Zurich was located in Zurich, Switzerland with an additional office in Toronto, Canada. Telephone numbers given to customers, as well as the address to which they were to return documents, were similarly in either Zurich or Toronto.

6.      Zurich's brokers also created this false impression of a legitimate, successful, international trading firm during the course of their solicitations of customers. One broker told his customer that Zurich was an international company with offices in Europe. Another broker told a customer upon taking over his account that the customer's previous broker had moved to the company's Switzerland office. The broker also claimed that Zurich had been in existence for ten to fifteen years.

3

7.     Contrary to these representations, Zurich, in fact, had been in existence for less than a year, was not registered with the Commission or a member of the NFA, and maintained only "virtual offices" or "mail drop" offices in Zurich and Toronto through which it re-routed customer calls to Southern Florida and funneled mailings of solicitation materials and account opening documents.

8.     On the basis of its false representations and omissions, Zurich successfully solicited at least $1.45 million from at least 60 individuals to open commodity accounts and trade commodity options.

9.     Almost all of Defendants' customers lost their money trading through Zurich, while Zurich collected at least $1,357,299 in commissions and fees.

10.    After less than a year in operation, Zurich shut down operations with no notice to customers and no way for customers to get in touch with Zurich or its brokers.

**LaBruce Controlled Zurich**

11.    On January 18, 2006, Zurich appointed LaBruce as its "Attorney-in-Fact" to "undertake the general interests of the company in any country in the world and ... [to] bind the company in its relations with third parties or [her]self." LaBruce was given broad authority under this appointment, including, among other things, the authority to: (a) carry out acts and transactions on behalf of the company; (b) represent the company before any judicial authority; (c) sign contracts on behalf of the company; (d) open and close bank accounts for the company and make deposits or withdrawals of funds of the company; and (e) acquire real estate on behalf of the company.

12.    LaBruce signed the contracts on behalf of Zurich to rent the virtual office spaces in Zurich, Switzerland and Toronto, Canada. LaBruce also directed the activities of the virtual

4

office staff working in those offices on behalf of Zurich, including the preparation and mailing of

solicitation materials and account opening documents sent to potential customers from those

offices.

13.     LaBruce was both the registrant and the administrative contact for Zurich's

Internet website.

14.     LaBruce opened and controlled bank accounts in Zurich's name.  Commissions

and fees earned by Zurich were deposited into these bank accounts and, on several occasions,

LaBruce directed the transfer of funds totaling at least $1,071,199 from Zurich's bank accounts

to herself.

**B.     Conclusions of Law**

1.     This Court has jurisdiction over the subject matter of this action and Defendants

pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek

injunctive relief against any person whenever it shall appear that such person has engaged, is

engaging, or is about to engage in any act or practice constituting a violation of any provision of

the Act or any rule, regulation, or order thereunder.

2.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C.

§ 13a-1, in that Defendants inhabited and transacted business in this district, and the acts and

practices in violation of the Act occurred within this district, among other places.

3.     Zurich, by and through its Internet website, solicitation materials, and the actions

of its officers, agents, or employees, and LaBruce, in or in connection with offers to enter into,

the entry into, the confirmation of the execution of, or the maintenance of, commodity option

transactions, cheated or defrauded or attempted to cheat or defraud customers or prospective

customers, and willfully deceived or attempted to deceive customers or prospective customers

by, among other things, making false, deceptive, or misleading representations and omissions of material facts in solicitations of individuals to trade commodity options all in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006), and Commission Regulations 33.10(a) and (c), 17 C.F.R. §§ 33.10 (a) and (c) (2008).

4.     By falsely representing itself to be a member of a registered entity and to be a registrant under the Act, in soliciting or handling any order or contract for the purchase or sale of any commodity in interstate commerce for future delivery, Zurich, through the actions of its officers, employees, and agents, including LaBruce, violated Section 4h of the Act, 7 U.S.C. § 6h (2008).

5.     By engaging in soliciting or in accepting orders for the purchase or sale of a commodity for future delivery on or subject to the rules of any contract market and not accepting any money, securities, or property to margin, guarantee, or secure any trades or contracts that result or may result there from, Zurich, through the actions of its officers, employees, and agents, including LaBruce, operated as an IB within the meaning of Section 1a(23) of the Act, 7 U.S.C. § 1a(23) (2006).  By engaging as an IB in soliciting or accepting such orders and soliciting or accepting orders from option customers for commodity option transactions while failing to register with the Commission as an IB, Zurich violated Section 4d(a) of the Act, 7 U.S.C. § 4d(a) (2006), and Commission Regulation 33.3(b)(ii), 17 C.F.R. 33.3(b)(ii) (2008).

6.     LaBruce, by being associated with an IB as a partner, officer, employee, or agent (or a person occupying a similar status or performing similar functions), in a capacity that involves (i) the solicitation or acceptance of customers' orders (other than in a clerical capacity) or (ii) the supervision of any person or persons so engaged, operated as an AP of Zurich within the meaning of Section 4k(1) of the Act, 7 U.S.C. § 6k(1) (2006).  By soliciting or accepting

6

orders from option customers for commodity option transactions, or supervising persons so engaged, while failing to register with the Commission as an AP, LaBruce violated Section 4k(1) of the Act, 7 U.S.C. § 6k(1) (2006), and Commission Regulation 33.3(b)(iii), 17 C.F.R. 33.3(b)(iii) (2008).

7.      The acts, misrepresentations, omissions, and failures of Zurich's officers, agents, or employees, including LaBruce, occurred within the scope of each person's employment, agency or office with Zurich.  Zurich is therefore liable for these acts pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B).

8.      LaBruce directly or indirectly, controlled Zurich and did not act in good faith, or knowingly induced, directly or indirectly, the acts constituting Zurich's violations of Sections 4c(b), 4d(a), and 4h of the Act, 7 U.S.C. §§ 6c(b), 6d(a), and 6h, and Commission Regulations 33.10 (a) and (c), 17 C.F.R. §§ 33.10 (a) and (c).  Pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), LaBruce therefore is liable for Zurich's violations of Sections 4c(b), 4d(a), and 4h of the Act, 7 U.S.C. §§ 6c(b), 6d(a), and 6h, and Commission Regulations 33.10 (a) and (c), 17 C.F.R. §§ 33.10 (a) and (c).

9.      There is good cause for permanent injunctive relief in light of the egregious nature of Defendants' conduct in fraudulently soliciting customers, as well as Defendants' high level of scienter in conducting a well-planned scheme to systematically defraud the public. These facts demonstrate a reasonable likelihood of future violations.

10.      Imposition of a civil monetary penalty is appropriate in this case because Defendants' violations of the Act were intentional and directly impacted the numerous victims of this fraud.  Likewise, the remedy of restitution is appropriate to compensate the victims of Defendants' wrongful acts and to deprive Defendants of the use of ill-gotten gains.

## II.   ORDER FOR RELIEF

A.   **Permanent Injunctions**

**IT IS THEREFORE ORDERED THAT:**

**Zurich Futures & Options, Inc.**

1.     Zurich is permanently restrained, enjoined, and prohibited from directly or indirectly:

A.     in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of any commodity options transaction, cheating, defrauding, or deceiving or attempting to cheat, defraud, or deceive, any other person, and from making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006), and/or Regulations 33.10(a), (b) and (c), 17 C.F.R. §§ 33.10(a), (b) and (c) (2008);

B.     engaging as an introducing broker in soliciting orders or accepting orders for the purchase or sale of any commodity for future delivery, or involving any contracts of sale of any commodity for future delivery, on or subject to the rules of any contract market or derivatives exchange facility while failing to register with the Commission as an introducing broker, in violation of Section 4d(a) of the Act, 7 U.S.C. § 6d(a) (2006);

C.     falsely representing itself to be a member of a registered entity or the representative or agent of such member, or to be a registrant under this Act or the representative or agent of any registrant, in soliciting or handling any order or contract for purchase or sale of any commodity in interstate commerce or for future delivery, or falsely representing in connection with the handling of any such order or contract that the same is to be or has been executed on, or by or through a member of, any registered entity in violation of Section 4h of the Act, 7 U.S.C. § 6h (2006);

2.     Zurich is further permanently restrained, enjoined, and prohibited from engaging directly or indirectly in:

A.     trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B.     entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Commission Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be

8

codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for its personal account or for any account in which it has a direct or indirect interest;

C.    having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on its behalf;

D.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

G.    acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009).

3.    The injunctive provisions of this Order shall be binding on Zurich, upon any

person insofar as he or she is acting in the capacity of officer, agent, servant, employee or

attorney of Zurich, and upon any person who receives actual notice of this Order by personal

service or otherwise insofar as such person is acting in active concert or participation with

Zurich.

**Michele LaBruce**

1.    LaBruce is permanently restrained, enjoined, and prohibited from directly or

indirectly:

A.    in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of any commodity options transaction, cheating, defrauding, or deceiving or attempting to cheat, defraud, or deceive, any other person, and from making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2006), and/or Regulations 33.10(a), (b) and (c), 17 C.F.R. §§ 33.10(a), (b) and (c) (2008);

B.      engaging as an introducing broker in soliciting orders or accepting orders for the purchase or sale of any commodity for future delivery, or involving any contracts of sale of any commodity for future delivery, on or subject to the rules of any contract market or derivatives exchange facility while failing to register with the Commission as an introducing broker, in violation of Section 4d(a) of the Act, 7 U.S.C. § 6d(a) (2006);

C.      falsely representing herself to be a member of a registered entity or the representative or agent of such member, or to be a registrant under this Act or the representative or agent of any registrant, in soliciting or handling any order or contract for purchase or sale of any commodity in interstate commerce or for future delivery, or falsely representing in connection with the handling of any such order or contract that the same is to be or has been executed on, or by or through a member of, any registered entity in violation of Section 4h of the Act, 7 U.S.C. § 6h (2006); and

D.      being associated with a futures commission merchant as a partner, officer, or employee, or being associated with an introducing broker as a partner, officer, employee, or agent in any capacity that involves (i) the solicitation or acceptance of customers' orders, including orders for commodity option transactions (other than in a clerical capacity), or (ii) the supervision of any person or persons so engaged while failing to register with the Commission as an associated person, in violation of Section 4k(1) of the Act, 7 U.S.C. §6k(1) (2006), and Regulation 33.3, 17 C.F.R. §33.3 (2008).

2.      LaBruce is further permanently restrained, enjoined, and prohibited from

engaging, directly or indirectly, in:

A.      trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B.      entering into any transactions involving commodity futures, options on commodity futures, commodity options, and/or forex contracts for her own personal account or for any account in which she has a direct or indirect interest;

C.      having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D.      controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E.      soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F.      applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or

exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

        G.    acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009).

    3.    The injunctive provisions of this Order shall be binding on LaBruce, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of LaBruce, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as such person is acting in active concert or participation with LaBruce.

**B.**    **Restitution**

    **IT IS FURTHER ORDERED THAT:**

    1.    Zurich and LaBruce shall be jointly and severally liable to make restitution in the amount of $1,357,299, plus pre-judgment interest and post-judgment interest ("Restitution Obligation"). Defendants shall pay the Restitution Obligation within ten days of entry of this Order. Pre-judgment interest accrued beginning on February 23, 2009 to the date of entry of this Order shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2) (2006). Post-judgment interest shall accrue beginning eleven days after the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

    2.    To effect payment by Defendants and the distribution of restitution, the Court appoints the NFA as Monitor. The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, it shall not be liable for any action or inaction arising from his appointment as Monitor, other

than actions involving fraud.

3.     Defendants shall make his required restitution payments under this Order in the name of "Zurich-LaBruce Settlement Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies Defendants and the name and docket number of the proceeding.  Defendants shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement at the same address.

4.     The Monitor shall oversee Defendants' Restitution Obligation, and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to Defendants' customers or may defer distribution until such time as it may deem appropriate.  In the event that the amount of restitution payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a restitution distribution to customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments as set forth in Section III.C, below.

5.     Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

6.     To the extent that any funds accrue to the U.S. Treasury as a result of the

12

Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 4 of this Section.

7       Any acceptance by the Commission and/or Monitor of partial payment of Zurich's and LaBruce's restitution obligations shall not be deemed a waiver of Zurich's and LaBruce's requirement to make further payments pursuant to this Order, or a waiver of the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

**C.      Civil Monetary Penalty**

**IT IS FURTHER ORDERED THAT:**

1.       Zurich and LaBruce shall be joint and severally liable for and shall pay to the Commission a civil monetary penalty in the amount of $4,071,897, plus post-judgment interest, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 ("CMP Obligation"). The CMP Obligation shall be paid within ten days of date of entry of this Order. Post-judgment interest shall accrue beginning on the eleventh day after the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2.       All payments by Defendants pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation, consistent with the authority granted the Monitor above. Upon full payment of the Restitution Obligation, payments by Defendants pursuant to this Order shall be applied to satisfy the CMP Obligation.

3.       Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Defendants shall make the payment payable to the Commodity Futures Trading Commission and send to the following address:

Commodity Futures Trading Commission
Division of Enforcement
Attention: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 South MacArthur Boulevard
Oklahoma City, OK 73169
Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Defendants shall contact Marie

Bateman or her successor at the above address to receive payment instructions and shall fully

comply with those instructions. Defendants shall accompany the payment of the penalty with a

cover letter that identifies Defendants and the name and docket number of this proceeding.

Defendants shall simultaneously transmit copies of the cover letter and the form of payment to

(a) Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three

Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of

Cooperative Enforcement, Division of Enforcement, at the same address. .

    4.    Any acceptance by the Commission of partial payment from Defendants of their

CMP Obligation shall not be deemed a waiver of Defendants' requirement to make further

payments pursuant to this Order, or a waiver of the Commission's right to seek to compel

payment of any remaining balance.

**D.    Prohibition on Transfer of Funds**

    **IT IS FURTHER ORDERED** that Zurich and LaBruce shall not transfer or cause others

to transfer funds or other property to the custody, possession or control of any other person for

the purpose of concealing such funds or property from the Court, the Commission, the Monitor,

or any officer that may be appointed by the Court.

**E.    Cooperation**

    **IT IS FURTHER ORDERED THAT** Zurich and LaBruce shall cooperate fully with the

14

Commission, the Monitor, and/or any government agency seeking to enforce the restitution and civil monetary provisions of this Order by providing any requested information relating to its financial status, including, but not limited to income and earnings, assets, financial statements, assets transfers, and tax returns.

**F.    Notice**

   **IT IS FURTHER ORDERED THAT:**

   1.     In the event that Zurich and/or LaBruce changes their telephone number(s) and/or address(es) at any time, they shall provide written notice of the new number(s) and/or address(es) to the Commission within ten calendar days thereof.

   2.     All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

   Notice to Commission:        Alan Edelman
                                Trial Attorney
                                U.S. Commodity Futures Trading Commission
                                1155 21st Street, NW
                                Washington, DC 20581
                                Telephone (202) 418-5000
                                Facsimile (202) 418-5538

**G.    Equitable Relief Provisions Binding**

   **IT IS FURTHER ORDERED THAT** the equitable relief provisions of this Order shall be binding on Zurich and LaBruce, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Zurich and/or LaBruce, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as such person is acting in active concert or participation with Zurich and/or LaBruce.

15

**H.**     **Jurisdiction Retained**

   **IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction of this case to

assure compliance with this Order and for all other purposes related to this action.

   **DONE AND ORDERED** this _21st_ day of _December_ 2009, in Miami, Florida.

                                              PAUL C. HUCK
                                              UNITED STATES DISTRICT JUDGE